MINNEHAHA NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10599.   Promulgated September 29, 1927.

Debts ascertained to be worthless in 1920 but charged off only in part in 1920 are not legal deductions from gross income of 1920.

*J. H. Kirby, Esq.*, and *P. J. Coffey, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits tax for the calendar year 1920 in the amount of $5,248.74. All issues raised by the pleadings were waived at the hearing except that with respect to the disallowance by the Commissioner of $25,142.57 claimed as a deduction from gross income on account of worthless debts representing a percentage of certain notes endorsed by one P. D. Magnusson.

FINDINGS OF FACT.

The petitioner is a national bank of Sioux Falls, S. Dak.

In the latter part of 1919 the petitioner discounted and purchased from the Bank of Springfield, S. Dak., the three following notes:

| Maker | Amount | Date | Due |
|---|---|---|---|
| P. D. Magnusson | $6,200 | Nov. 17, 1919 | May 17, 1920 |
| L. S. Taylor | 19,500 | Dec. 23, 1919 | June 23, 1920 |
| C. P. Knoll | 6,000 | Nov. 24, 1919 | May 24, 1920 |

In the early part of 1920 the petitioner rediscounted and purchased from the same party the following notes:

| Maker | Amount | Date | Due |
|---|---|---|---|
| J. M. and C. E. Erickson | $9,000.00 | Mar. 22, 1920 | Sept. 22, 1920 |
| P. M. Boese | 18,000.00 | May 1, 1920 | Sept. 1, 1920 |
| Ben H. Fitch | 8,000.00 | Feb. 6, 1920 | Do. |
| John Pool | 5,135.90 | May 1, 1920 | Aug. 1, 1920 |

On each of the above notes, except the first, P. D. Magnusson was an endorser and hereinafter these notes will be referred to as the Magnusson paper. All of these notes, except that made by P. D. Magnusson, were supposed to be secured by chattel mortgages on cattle. Magnusson was a very extensive stock rancher. He was reputed to be very wealthy. Notes given by him or endorsed by him were, during 1919 and the early part of 1920, held to be an excellent risk and were sought after by bankers. On June 3, 1920, the petitioner learned of some irregularities on the part of Magnusson in the management of his affairs. The petitioner immediately commenced action against him in the Circuit Court of Bon Homme County, S. Dak., and soon thereafter an involuntary petition was filed against him but served some time later. Claims aggregating in excess of $1,700,000 were filed against Magnusson in the bankruptcy proceedings. Creditors' meetings were held during the summer of 1920 and an investigation disclosed that Magnusson had assets of a value of $500,000 or $600,000; all of which were heavily encumbered. The petitioner then made investigations with respect to the financial responsibility of the makers of the notes endorsed by

Magnusson, which it held. It developed that there were duplicate notes in some instances and that L. S. Taylor, brother-in-law of Magnusson, had no property and the cattle which were supposed to represent collateral security on some of the notes were nonexistent. The first three notes in the tabulation above aggregating $31,700 were definitely ascertained to be worthless in 1920.

In 1920 the petitioner charged off 35 per cent of the gross amount of the aforesaid notes aggregating $71,835.90, or $25,142.57; in 1921 it charged off 40 per cent; in 1922 it charged off 17½ per cent; and in 1923 it charged off 7½ per cent. In the audit of the petitioner's returns for 1920 and 1921 the Commissioner disallowed the deduction of $25,142.57 taken in the 1920 return but allowed the deduction of 75 per cent of the total or $53,876.90 from gross income in the 1921 return thereby creating a large net loss for 1921.

OPINION.

SMITH: The only question presented by this proceeding is the right of the petitioner to deduct $25,142.57 from gross income in 1920, representing 35 per cent of the face value of certain notes either made by or endorsed by P. D. Magnusson, $31,700 face value of which was definitely ascertained to be worthless during the year 1920. At the close of 1920 petitioner was in doubt as to whether it would ever recover anything upon the so-called Magnusson paper and up to date only approximately $1,600 has been recovered, that amount being recovered from John Pool, the maker of one of the notes. Although the petitioner had ascertained during 1920 that $31,700 of the notes were worthless it did not charge those notes off specifically. In place thereof it charged off 35 per cent of the total of the Magnusson paper.

Section 234(a) of the Revenue Act of 1918 provides that a corporation in computing the net income subject to tax imposed by section 230 of the Act shall be allowed as deductions, "(5) Debts ascertained to be worthless and charged off within the taxable year."

In numerous appeals this Board has held that under the provisions of the Revenue Act of 1918 a taxpayer may not deduct from gross income in its tax return a portion of a debt ascertained to be worthless. In *Steele Cotton Mill Co.*, 1 B. T. A. 299, we said:

The Commissioner assumes the position that the word *debt*, as used in the Act of 1918, means a debt in its entirety and does not permit the partition of a debt and the writing off of one part and the retention of the other part. A comparison of the wording of sections 234(a)(5) of the Revenue Acts of 1918 and 1921, respectively, leads us to the conclusion that Congress did not contemplate, in the Act of 1918, the deduction of a part of a debt.

To the same effect see *Winthrop Ames*, 1 B. T. A. 63; *Egan & Hausman Co.*, 1 B. T. A. 556; *Murchison National Bank*, 1 B. T. A. 617.

In his notice of deficiency to the petitioner the Commissioner stated:

With respect to 1921, however, it is the opinion of this office that since partial write-offs are permissible in that year, the total amount charged off to date, or $53,876.90, which is 75% of the total loss, should be allowed.

The action of the Commissioner is in accordance with the law.

*Judgment will be entered for the respondent.*

Considered by LITTLETON and LOVE.