*403 OPINION.
Smith:
The only question presented by this proceeding is the right of the petitioner to deduct $25,142.57 from gross income in 1920, representing 35 per cent of the face value of certain notes either made by or endorsed by P. D. Magnusson, $31,700 face value of which was definitely ascertained to be worthless during the year 1920. At the close of 1920 petitioner was in doubt as to whether it would ever recover anything upon the so-called Magnusson paper and up to date only approximately $1,600 has been recovered, that amount being recovered from John Pool, the maker of one of the notes. Although the petitioner had ascertained during 1920 that $31,700 of the notes were worthless it did not charge those notes off specifically. In place thereof it charged off 35 per cent of the total of the Magnusson paper.
Section 234(a) of the Revenue Act of 1918 provides that a corporation in computing the net income subject to tax imposed by section 230 of the Act shall be allowed as deductions, “(5) Debts ascertained to be worthless and charged off within the taxable year.”
In numerous appeals this Board has held that under the provisions of the Revenue Act of 1918 a taxpayer may not deduct from gross income in its tax return a portion of a debt ascertained to be worthless. In Steele Cotton Mill Co., 1 B. T. A. 299, we said:
The Commissioner assumes the position that the word debt, as used in the Act of 1918, means a debt in its entirety and does not permit the partition of a debt and the writing off of one part and the retention of the other part. A comparison of the wording of sections 234(a) (5) of the Revenue Acts of 1918 and 1921, respectively, leads us to the conclusion that Congress did not contemplate, in the Act of 1918, the deduction of a part of a debt.
*404 To the same effect see Winthrop Ames, 1 B. T. A. 63; Egan & Hausman Co., 1 B. T. A. 556; Murchison National Bank, 1 B. T. A. 617.
In his notice of deficiency to the petitioner the Commissioner stated:
With respect to 1921, however, it is the opinion of this office that since partial write-offs are permissible in that year, the total amount charged off to date, or $53,876.90, which is 75% of the total loss, should be allowed.
The action of the Commissioner is in accordance with the law.

Judgment will Toe entered for the respondent.

Considered by Littleton and Love.