DAVIDSON GROCERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13730.   Promulgated May 28, 1928.

*George E. H. Goodner, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

SMITH: The first assignment of error is that the respondent has erroneously disallowed the deduction from gross income of 1920 of $12,085.51, debts ascertained to be worthless and charged off during the year. The statement of facts contained in the petition upon this point is as follows:

5. The facts upon which petition relies as the basis of this appeal are as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) Petitioner sold merchandise to the retail trade on open account. During 1920 accounts to the amount of $12,085.51 became worthless and were charged off petitioner's books as bad debts. This amount was deducted from income in petitioner's tax return for 1920 and the disallowance of this deduction by the Commissioner gives rise to the error noted in paragraph 4(a) above.

The answer filed by the respondent "denies the allegations of fact contained in paragraph 5." Whether the petitioner deducted from gross income in its return for 1920 any amount for bad debts and whether any amount deducted was disallowed by the respondent in the computation of deficiency is not in evidence. Depositions admitted in evidence show that the petitioner charged to profit and loss in 1920 a total of $11,000, representing certain portions of accounts receivable by it at the close of 1920. The record does not show whether these amounts were claimed as a deduction from gross income in the tax return as debts ascertained to be worthless. Upon the assumption, however, that the $11,000 in question was claimed as a deduction from gross income in the tax return, we are of the opinion that the amount is not a legal deduction from gross income. If the amount is a deduction from gross income it must be by virtue of section 234(a) of the Revenue Act of 1918, which provides that in arriving at taxable income there may be deducted from gross income:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

(5) Debts ascertained to be worthless and charged off within the taxable year.

In *Emil Stern*, 5 B. T. A. 89, we stated:

The Revenue Act of 1918 provides for the deduction of both debts ascertained to be worthless and losses sustained. If a debt becomes worthless, it would seem that a loss has been sustained. Debts, however, are deductible in the year in which they are ascertained to be worthless and charged off, which may be other than the year in which they in fact became worthless. Since it can not be assumed that a double deduction was intended, it would appear that, if a debt became worthless in one year, but was not ascertained by the taxpayer to be worthless until the following year, deductions could not be taken for a loss in the first year and for a bad debt in the second. Furthermore, a loss may be sustained upon account of an indebtedness without any ascertainment of worthlessness, as, for example, the embezzlement of negotiable securities. In that case, a loss may be sustained in the year of the embezzlement, although there has been no ascertainment that the debt itself is worthless.

It becomes necessary, therefore, in every case to distinguish between a loss sustained and a debt ascertained to be worthless. * * *

The two classes of losses are separate and distinct and it is necessary in each instance to determine whether the deduction must meet the requirements of the "loss" provision or the "bad debt" provision. Cf. *First National Bank of St. Paul*, 10 B. T. A. 32, and *Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243.

We are of the opinion that the amounts owed to the petitioner on open account by W. C. Martin and five other debtors referred to in the findings of fact constitute debts and that if the petitioner is entitled to any deduction from gross income in respect of these accounts for the year 1920 the deduction must be taken under subdivision (5) above referred to as " debts ascertained to be worthless and charged off within the taxable year." The statute does not provide for the deduction of a part of a debt. A part of a debt may not be charged off as worthless and a part retained on books as having value. *Steele Cotton Mill Co.*, 1 B. T. A. 299; *Murchison National Bank*, 1 B. T. A. 617. The petitioner did not ascertain in 1920 that the debts owed to it by these debtors were entirely worthless. The Revenue Act of 1921 provided for the reduction of a portion of a debt ascertained to be worthless. There is no such provision in the 1918 law under which the petitioner's return for 1920 was made. Upon the record the respondent is sustained upon this point.

The second assignment of error made by the petitioner is that the respondent reduced its invested capital in accordance with the Treasury Department regulations by the tax for the prior year prorated from the respective dates of payment. It is contended that this is contrary to the decision of the Board in *Guarantee Construction Co.*, 2 B. T. A. 1145, even though in accordance with section 1207 of the Revenue Act of 1926. It is further contended that in so far as section 1207 of the Revenue Act of 1926 purports to interpret a prior law it is unconstitutional. It is apparent, however, that section 1207 of the Revenue Act of 1926 does not purport to interpret a prior law but enacts new legislation determining the manner in which invested capital shall be computed under the Revenue Acts of 1917, 1918, and 1921. We see no merit to the claim of the petitioner upon this point.

*Judgment will be entered for the respondent.*