LAFAYETTE LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16243.   Promulgated September 25, 1930.

*William G. Heiner, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: On December 3, 1920, and at the end of that year, the Dunfee Lumber Co. owed the petitioner $52,002.80, which indebtedness was evidenced by several promissory notes. The notes were secured by a deed of trust on the property for which they were given. The petitioner is seeking to deduct that part of the total indebtedness which it estimated would not be recovered by it from the property or from the bankrupt debtor's estate. We have held in numerous cases, beginning with *Steele Cotton Mill Co.*, 1 B. T. A. 299, that under similar circumstances a debt may not be deducted in part for any year governed by the Revenue Act of 1918, even though it is ascertained to be worthless in part and charged off in part within the taxable year. See *Minnehaha National Bank*, 8 B. T. A. 401; affd., 28 Fed. (2d) 763; *Selden v. Heiner*, 12 Fed. (2d) 474.

It is further contended that the amount in question, or a part thereof, is properly deductible as a loss sustained during the taxable year. Section 234(a) of the Revenue Act of 1918 provides that in computing the net income of a corporation there shall be allowed as deductions:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

(5) Debts ascertained to be worthless and charged off within the taxable year.

In *Sherman & Bryan, Inc.* v. *Blair*, 35 Fed. (2d) 713, reversing *Sherman & Bryan, Inc.*, 9 B. T. A. 213, the Second Circuit Court of Appeals decided that a debt could be deducted as a loss. This case was followed by the Court of Appeals of the District of Columbia in *Davidson Grocery Co.* v. *Lucas*, 37 Fed. (2d) 806, reversing *Davidson Grocery Co.*, 12 B. T. A. 181. This Board has always held that bad debts may not be deducted as losses under subsection (4). See *Emil Stern et al.*, 5 B. T. A. 89; *First National Bank of St. Paul*, 10 B. T. A. 32; *Davidson Grocery Co., supra; Hector Fezandie, Executor*, 12 B. T. A. 1325. On the question of whether or not subsections (4) and (5) are mutually exclusive, see *Porter* v. *United States*, 20 Fed. (2d) 935; affd., 27 Fed. (2d) 882; *United States* v. *Klausner*, 25 Fed. (2d) 608; *Minnehaha National Bank, supra; Selden* v. *Heiner, supra; Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243.

However, this question need not be decided in the present case, for we do not think that the evidence establishes that the petitioner's loss, if any, was sustained in 1920. In *Lewellyn* v. *Electric Reduction Co., supra*, the Supreme Court, in disallowing the deduction of an alleged loss, said in part:

* * * It may well be that he whose house has been burned has sustained a loss whether he knows it or not and may recover a tax paid in ignorance of that material fact. But we cannot say that the merchant whose action has been based not merely on ignorance of a fact but on faith in a prophecy—even though the prophecy is made without full knowledge of the facts—can claim to have sustained a loss before the future fails to justify his hopes.

* * * There is nothing in the findings from which we could conclude that the respondent in 1918 had ceased to regard his rights under the contract as having value or that there was then reasonable ground to suppose that efforts to enforce them would be fruitless. On the findings respondent is not entitled to recover.

In the instant case the petitioner at the end of 1920 knew that it could recover the property in question under its deed of trust, but the evidence does not establish the value of the property at that time. Furthermore, the petitioner had a right as a general creditor against the bankrupt estate for the amount of its claim in excess of the value of the property. We know now that the petitioner recovered nothing from the bankrupt except the property, but the evidence does not establish that its right was valueless in 1920 or that the petitioner so regarded it.

*Judgment will be entered for the respondent under Rule 50.*