Graham, Judge,
delivered the opinion of the court:
This case comes on to be heard on a demurrer to the petition.
Plaintiff is a corporation organized and existing under and by virtue of the banking laws of the State of New York and, as such, is authorized by the laws of that State to act as administrator and executor of decedents’ estates, guardian of minors and incompetents, testamentary trustee, and trustee under trusts created inter vivos.
During the year commencing January 1, 1918, plaintiff, acting under due appointment by the courts of the State of New York in the following capacities, received as its fees and compensation the sum of $51,317.81, covering the following items:
As executor of decedents’ estates_ $419. 06
As administrator of decedents’ estates_ 181.22
As committee of the property and person of insane people- 4,003.06
As guardian for infants_ 405. 96
As trustee under testamentary provisions- 27,143.14
As trustee under voluntary trusts created inter vivos-19,165. 37
*101 The plaintiff, pursuant to the requirements of the revenue act of 1918, 40 Stat. 1057, sections 232 and 233 in connection, with section 213, filed its income-tax return and paid upon the said amount of $51,317.81, as income tax, $19,706.03.
On the 15th of March, 1924, plaintiff filed with the collector of internal revenue its claim for refund of $51,000, which claim, as amended May 20, 1924, was for $19,706.03. The Income Tax Bureau denied this claim, and, on appeal to the committee of appeals and review, the ruling was affirmed on January 24,1925.
The plaintiff avers in its petition as follows:
“Upon information and belief, the claimant, acting in the capacities of administrator, executor, testamentary trustee, committee of incompetents, and guardian of infants, is an officer, agent, or instrumentality of the government of the State of New York in the performance of governmental functions, and that the Government of the United States is without power to tax income received by the claimant acting in these capacities and as such State officer, agent, or instrumentality.”
It is conceded that if the said income arose in the shape of a compensation by reason of the fact that it was an officer or employee of the State of New York, its income, under the decisions of the courts, which are fully set out and discussed in the case of Metcalf & Eddy v. Mitchell, 269 U. S. 514, would be exempt from the tax levied by the aforesaid act.
We are of opinion that plaintiff was not an officer or employee of the State of New York.
The court in the Metcalf case said:
“An office is a public station conferred by the appointment of Government. The term embraces the idea of tenure, duration, emolument, and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its terms, its duties, and its compensations * * *. The term ‘ officer ’ is one inseparably connected with an office; * * * ”
See also United States v. Hartwell, 6 Wall. 385, 393, and United States v. Germaine, 99 U. S. 508, 511, 512, in which latter case it was held that the position must be “ continuing and permanent, and not occasional or temporary.” In the *102 same case also the court mentions, as indicating that the plaintiff, Germaine, was not an officer, that he was “ required to keep no place of business for the public use. * * * No regular appropriation is made to pay his compensation * * * but it is paid out of money appropriated for paying pensions in his district ” and that there was “ no penalty for his absence from duty or refusal to perform, except his loss of the fee in the given case.”
In Louisville, Evansville & St. Louis Railroad Co. v. Wilson, 138 U. S. 501, 505, the court said :
“ The terms £ officers ’ and ‘ employees,’ both alike, refer to those in regular and continuous service. Within the ordinary acceptation of the terms one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service and exclude those employed for a special or single transaction.”
But the plaintiff urges that if it is not an officer or employee it is an instrumentality of the government of the State of New York employed in carrying into effect some of the powers of government which could not be interfered with by taxation upon the part of the United States, and in effect that it is a constitutional means employed by the government of the State to execute its constitutional powers. We are of opinion that it is not such an instrumentality.
The plaintiff, while acting in the different capacities named in the petition, was discharging no function pertaining to the sovereign power of the State; it was not engaged in the civil service of the State. Its compensation was not paid by the State but indirectly by the private person or persons interested in the estate in each case, and it was accountable to them for a faithful discharge of its trust. It performed no duties which affected the welfare of the general public.
Plaintiff is claiming the benefit of an exemption from taxation, and the burden is upon it to show clearly that it is within the exemption claimed. Phoenix Fire & Marine Insurance Co. v. Tennessee, 161 U. S. 174; Chicago, Burlington & Kansas City R. R. v. Guffey, 120 U. S. 569, 575; and Metcalf & Eddy v. Mitchell, supra.
*103 The plaintiff has not clearly established that it is entitled to exemption from taxation under the statute.
The demurrer should be sustained and the petition dismissed, and it is so ordered.
Moss, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.