Graham, Judge,
delivered the opinion of the court:
The plaintiff, a corporation doing business in the city of Georgetown, S. C., filed on March 15, 1921, its income and excess-profits tax return for the calendar year 1920, which showed a net taxable income of $26,721.54, after a deduction of $1,010.72 for bad debts. At the time the return was made there was on the books of plaintiff an account with the Sampit Contracting Co. which showed an indebtedness to plaintiff of $22,112.91. On September 15, 1921, plaintiff filed an amended income and excess-profits tax return for the calendar year 1920, claiming a deduction of $22,112.91 on account of the said debt of the Sampit Contracting Co. as a worthless debt. This return showed no taxable liability. At the same time plaintiff filed a claim for the abatement of remaining installments and the refund of $1,928.36 already paid as income tax. Both of these claims were rejected by the Commissioner of Internal Bevenue, and the balance of the tax for 1920 in the sum of $1,985.76 was paid on September 25, 1924, on which date plaintiff filed a claim for refund of the entire amount of these two payments, namely, $3,914.12. The Commissioner of Internal Bevenue having taken no action on the latter claim within six months, the plaintiff brought this action.
*164 The applicable statute here is sec. 234 (a) (5) of the revenue act of 1918, 40 Stat. 1077, 1078, as follows:
Seo. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
‡ ‡ $
*(5) Debts ascertained to be worthless and charged off within the taxable year.
Under this statute, to entitle plaintiff to the deduction claimed it is necessary that it should satisfactorily show that this debt, at the time of the filing of its tax return on March 15, 1921, had been “ ascertained to be worthless and charged off within the taxable year,” i. e., 1920.
The court has found that this debt had not been ascertained to be worthless at the time of the filing of plaintiff’s tax return, March 15, 1921, and had not been charged off during said taxable year.
The plaintiff has failed to bring itself within the requirements of the statute above cited, and is not entitled to recover.
The petition should be dismissed, and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, OMef Justice, concur.