Gbaham, Judge,
delivered the opinion of the court:
The services of the plaintiff were engaged by the Board of Local Improvements, an adjunct of the municipal government of the city of Chicago, as a building expert in connection with the valuation of buildings affected by certain local improvements in widening and opening streets.
*493 The said board was created by an act of the legislature of the State of Illinois to deal with questions connected with said improvement of streets which involved the valuation of land and buildings to be taken in whole or in part along the line of improvements, and the effect of the improvements upon the value of property which would be benefited thereby. The board consisted of a president and five other members named by the mayor and subject to confirmation by the council of the city of Chicago. The board was given authority to submit ordinances to the city for the aforesaid improvements, which ordinances the council' had only the right to accept or reject, but no authority to modify. After the creation of the board the city council passed an ordinance authorizing the board to retain the services of building experts and other persons, the building experts to be paid at the rate of 1 per cent of the value of the property appraised and $50.00 a day for testifying in court in proceedings growing out of the improvements, and at the rate of 1*4 per cent of the value of the buildings for detailed estimates of cost of buildings without plans, and at rate of 2 per cent of the value of the buildings when plans, diagrams, knd details were furnished.
Under authority of this ordinance the board retained the-plaintiff as a building expert for five years; his employment,, however, continued for only about two years. The details of this are fully set forth in the findings. Plaintiff was paid for his service as building expert during the years 1920 and 1921, $475,603.11, and was assessed by the Commissioner of Internal Kevenue on this sum as income in the amount of $132,863.67. Plaintiff filed a claim for a refund upon the ground that he had been illegally assessed because the sums received for his services as a building expert were exempt from taxation as they were earned by him as an employee of a political division of the city of Chicago.
First, as to the character of the plaintiff’s service: Under his contract with said board he was engaged for a period of five years, was not to accept any other employment without the consent of the board, and' was to be paid monthly one per cent on the value of the property and $50.00 for each day he served as a witness, together with a certain per *494 centage for plans, etc. There was no regular compensation. He was under the control of the board as to whether plans or detailed estimates of cost should or should not be made, the number, and in some instances the designs, of plans of reconstruction; as to the amount of work to be done, but not the time within which it was to be done; as to the order in which the work on the various improvements was to be performed, and otherwise as set out in Finding XVIII.
The board refused two requests of plaintiff to accept other employment and' allowed one. Plaintiff occupied no public office and transacted no business in which the public generally was interested. He selected his own office, paid the • rent and for its equipment, and employed at his own expense his assistants. He paid to these assistants a sum approximating $100,000 out of what he received for his service.
The retention of his services was dictated by a policy of having some one other than a city employee do this work, of having available an independent expert in cases of suits' against the city, and of having witnesses who were not regular city employees. He used his own methods and instrumentalities and did the work of appraising values in his own way and as his judgment dictated, and in so doing he was free, and for such work he received his pay. As to how, with what assistance, and in what time he should perform it he was judge and master. That the plaintiff was not a public instrumentality has been passed upon by this court. New York Trust Co. v. United States, 63 C. Cls. 100. In this case the Supreme Court refused a certiorari June 6, 1921, 274 U. S. 156.
Clearly, from the foregoing, the relation of master and servant did not exist. It is not possible, in the twilight that exists between the boundaries of what constitutes the relation of master and servant and an independent contractor, to draw a fixed line. The constantly increasing varieties of human employment under present-day conditions necessarily render it so, and each case must of necessity, to a great degree, be decided upon its own facts. In the most recent case on this subject, Metcalf & Eddy v. Mitchell, 269 U. S. 514, 521, plaintiffs were employed as consulting engineers *495 either individually or as copartners to advise States or subdivisions of States with reference to water-supply and sewage-disposal systems, and it was held that they were neither officers nor employees. The court said:
“ In each instance the performance of .their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. Chicago, Rock Island & Pacific Ry. Co. v. Bond, 240 U. S. 449, 456; Standard Oil Co. v. Anderson, 212 U. S. 215, 227; and see Casement v. Brown, 148 U. S. 615; Singer Mfg. Co. v. Rahn, 132 U. S. 518, 523.”
Nor was the plaintiff’s service regular and continuous. It was for a particular transaction or transactions. See Louisville, Evansville & St. Louis Railroad Co. v. Wilson, 138 U. S. 501, 505. In addition to this the very purpose of his service, to have other than city employees available as witnesses, further negatives the idea of his being an employee.
Another person, Ernest H. Lyons, engaged as a real estate expert under the same ordinance of .the council of the city of Chicago, brought a suit (Lyons v. Reinecke, 10 Fed. (2d) 3) similar to this in the District Court for the Northern District of Illinois at Chicago. The court on demurrer held that the income received in that capacity was taxable under the circumstances, and on appeal'to the Circuit Court of Appeals for the Seventh Circuit, sitting in the same city, the judgment of the lower court was affirmed.
The plaintiff’s relation was that of an independent contractor, very similar in character to what is known as a cost-plus contractor.
The plaintiff is claiming the benefit of an exemption from taxation and has failed to sustain the burden cast upon him of establishing that his service was that of an officer or employee of a State or a subdivision thereof. Metcalf & Eddy v. Mitchell, sufra, 520; New York Trust Co. v. United States, supra.
*496 We are of opinion that the plaintiff is not entitled to recover, and the petition should be dismissed. It is so ordered.
Moss, Judge, and Booth, Judge, concur.
Campbell, Chief Justice, concurs in the result.