GRAHAM, Judge,
delivered the opinion of the court:
The plaintiff during the years 1915, 1916, and 1917 entered into contracts with the city of Chicago, Ill., and the village of Oak Park, Ill., for the paving of certain streets. It did not return as income the amount received as compensation for this work, and the Commissioner of Internal Revenue assessed against plaintiff an additional tax of $8,517.26 for the year 1917 based upon the amount of $20,200.27 received by plaintiff as compensation for the work done. This suit is brought to recover the additional assessment, with interest.
The contracts, under which the said work was done were secured by plaintiff as a result of publication of the plans and specifications and the solicitation of sealed bids, contracts being awarded to the lowest bidder. While the contracts imposed certain conditions of control over the contractor, the form was the one which has been used in the State of Illinois for a great many years and does not differ essentially from the forms for paving contracts which are used by municipalities throughout the country. The conditions of control and supervision imposed upon the con *315 tractor are no more drastic than are usual in paving contracts.
The plaintiff’s contention is that by reason of the conditions of control imposed by these contracts it was in effect an employee of the municipalities, and therefore that the compensation which it received for the work done is exempt from Federal income tax.
We are of opinion that under the facts the plaintiff was not a public instrumentality or an employee of the city of Chicago or the village of Oak Park, but was an independent contractor. We think the case is controlled by Frank H. Mesce v. United States, No. E-558, 64 C. Cls. 481, decided January 16, 1928, and the authorities therein cited.
The petition should be dismissed, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, GMef Justice, concur.