Sinnott, Judge,
delivered the opinion of the court:
Plaintiff is a Missouri corporation engaged in a general banking and trust business at St. Louis. In 1912 it purchased a bond or note of the Allegheny Improvement Company, which owned all the stock of a certain railroad. This bond had a face value of $10,000, for which plaintiff paid $9,500.
In 1916 the holders of the bonds or notes of the Allegheny Improvement Company foreclosed and reduced their claims to judgment, and also purchased the stock and bonds of the railroad, and became the pro rata owners thereof.
The stock of the railroad was deposited with a trust company which issued trust certificates to the holders showing their respective interests. In this manner plaintiff became *434 the owner of certificate No. 53, having a face value of $10,000, which is the so-called bond involved in this case.
At the beginning of the year 1919 the certificate was carried on the books of plaintiff at a depreciated value of $4,500.
The receivership of the railroad continuously lost money. Accordingly it became necessary to issue .receiver’s certificates, which had priority over all other securities. At the end of 1919, $1,000,000 in amount of receiver’s certificates were outstanding, and in 1922 these receiver’s certificates outstanding amounted to $1,970,000. In the year 1922 the holders of receiver’s certificates foreclosed and received only 71 cents on the dollar, leaving nothing to the holders of the other securities.
After the year 1919 the plaintiff, with others, filed suit against the directors of the Missouri & North Arkansas Railroad Company to recover on the certificate in question, but said suit resulted adversely to them in the year 1922.
In the year 1919 the plaintiff charged off the certificate in question as a worthless debt, and deducted the same from its gross income for that year. The commissioner refused to allow this deduction as a loss for the year 1919. The plaintiff filed an appeal before the Board of Tax Appeals, which approved the determination of the commissioner.
The question herein is whether the debt involved was ascertained to be worthless, as contemplated by the following provisions of the revenue act of 1918, 40 Stat. 1057:
“Sec. 234. (a). That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *
“ (5) Debts ascertained to be worthless and charged off within the taxable year.”
In the case of The Edith, 94 U. S. 518, 522, referring to special privileges given by statute, the court said:
“ The lien during those ten days was a special privilege given to them by statute — an exceptional right. Hence, it was incumbent upon them to show that such a right *435 existed, and, by piroof, to bring themselves within the exception. This is always the rule when a party claims a peculiar right given by a statute — a right not common to all, and which is given only when a prescribed state oí facts shall exist.”
In the case of New York Trust Co. v. United States, 63 C. Cls. 100, this court announced a similar doctrine, when it said:
“ Plaintiff is claiming the benefit of an exemption from taxation, and the burden is upon it to show clearly that it is within the exemption claimed.” (Citing cases.)
In Georgetown Grocery Co. v. United States, 63 C. Cls. 160, referring to the same section of the revenue act of 1918, involved herein, this court said:
“ Under this statute, to entitle plaintiff to the deduction claimed it is necessary that it should satisfactorily show that this debt, at the time of the filing of its tax return on March 15, 1921, had been ‘ ascertained to be worthless and charged off within the taxable year,’ i. e., 1920.”
Measured by the rules announced in the above cases, we must conclude that plaintiff has not shown that the debt involved herein was ascertained to be worthless in the year 1919, as contemplated by sec. 234 (a) (5) of the revenue act of 1918.
It is stipulated that the debt was charged off as a worthless debt in the year 1919, but it nowhere appears in the record, or in the stipulations, that the debt was ascertained in 1919 to be worthless.
Two factors must be present to entitle plaintiff, under the statute, to the deduction claimed:
1. The debt must be ascertained to be worthless within the taxable year.
2. The debt must be charged off within that year.
It is not disputed that the $4,500 was charged off within the taxable year; but unless we are to indulge in unwarranted inference, presumption, and conjecture favorable to plaintiff, we must conclude that the facts, as stipulated, fail to show an ascertainment of the worthlessness of the debt, tested by the rules laid down in the cases above cited.
*436 It appears in the stipulation that in 1919 an examiner of the Clearing House Association “ recommended that the trust certificate here in question be written off its books as a loss.”
We are left to conjecture as to what rules or standard guided the examiner. As to this the record is silent. We are left to conjecture whether the recommendation was actuated by prudent banking practices or by his ascertainment of the worthlessness of the debt. Surely, in the absence of evidence as to the standard followed by the examiner in making his recommendation, we can not indulge in the presumption that if was due to his “ ascertainment ” of the worthlessness of the debt.
It is stipulated that plaintiff investigated the value of this certificate by communicating with the receiver, the trustee, and other persons familiar with these securities, and, as a result of information so obtained, followed the recommendation of the examiner, and charged off the debt as a worthless debt; but from this stipulation we find no proof of the ascertainment of the worthlessness of the debt, as contemplated by statute, unless we are to indulge in the inference that, because the debt was charged off as worthless, such ascertainment was made.
The failure of the stipulations, except by inference, to show an ascertainment of the worthlessness of the debt, leaves the stipulation pregnant with the implication that no such ascertainment was found. This view is strengthened by the suit filed after the year 1919 to recover on the certificate in question, and which resulted adversely in the year 1922.
We are of the opinion that the deduction should be denied. The petition will be dismissed. It is so ordered and adjudged.
GkeeN, Judge; Moss, Judge; Graiiam:, Judge; and Booth, Chief Justice, concur.