## LEWELLYN, COLLECTOR, *v.* ELECTRIC REDUCTION COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 71.    Argued October 26, 1927.—Decided November 21, 1927.

1. The rights of a buyer who has prepaid a seller for merchandise which the latter has failed to deliver are upon contract and are not a " debt " where neither party has abandoned the contract; the prepayment is therefore not deductible, in arriving at net income under Revenue Act of 1918, § 234 (5), as a " debt ascertained to be worthless and charged off within the taxable year." P. 246.

2. When the seller proved to be irresponsible, the buyer's loss could be deducted under § 234 (4) as a " loss sustained during the taxable year," i. e., the year in which his claim proved to be worthless. P. 246.

3. Plaintiff, in 1918, paid in advance for goods which were never delivered. He did not charge off the amount in that year on his books, but continued to carry it in a " bills receivable " account. The worthlessness of the claim was proved by the outcome of litigation two years after the payment. He then sought, under Subsection (4), § 234, Revenue Act of 1918, to deduct the amount of the payment in an amended tax return for 1918. *Held,* that the deduction was not allowable because the loss was not " sustained " during that taxable year. P. 247.

4. Trial by jury having been waived in writing, review of this case is limited to the sufficiency of the facts specially found to support the judgment and to the rulings excepted to and presented by the bill of exceptions, Rev. Stat. §§ 649, 700. The Court is without power to grant a new trial except for error thus presented. P. 248.

11 F. (2d) 493, reversed,

CERTIORARI, 273 U. S. 676, to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court for the Collector in an action brought by the Reduction Company to recover income taxes. 8 F. (2d) 91.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell, Assistant Attorney General Willebrandt,* and *Messrs. Clarence M. Charest,* General Counsel, and *Irwin R. Blaisdell,* Special Attorney, Bureau of Internal Revenue, were on the brief, for petitioner.

*Mr. S. Leo Ruslander,* with whom *Mr. George R. Beneman* was on the brief, for respondent.

*Mr. Donald Horne,* filed a brief as *amicus curiæ,* by special leave of Court.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on writ of certiorari to the Circuit Court of Appeals for the third circuit, to review its judgment, 11 Fed. (2d) 493, reversing the judgment of the district court for western Pennsylvania, 8 Fed. (2d) 91, and awarding a new trial. The action was brought by respondent to recover income taxes paid by it for the year 1918. By written stipulation a jury was waived and the case was tried to the court, which made special findings and on them gave judgment for defendant. The principal question to be determined is the right of the respondent, upheld below, to deduct an admitted business loss from its gross income for 1918 in determining its tax for that year, rather than from gross income for a later year.

In July, 1918, respondent contracted with one Jouravlefi for the sale and delivery to it in monthly installments of a quantity of tungsten ore. The contract required the buyer immediately to accept a bill of exchange drawn on

it by the seller in the sum of $30,000, which was to be applied against the purchase price of the first carload of ore shipped.  Respondent accepted the draft and the seller negotiated it through bankers associated with him in the transaction.  Respondent paid it at maturity, in advance of any actual shipment of ore, having received from the broker who had negotiated the sale, a telegram saying: " Shipment one car will be made today."  Only a small quantity of ore was ever shipped.  This was received in the following December and after being credited upon the amount of the draft left a balance of more than $27,000. In March of the following year respondent began three separate suits to recover the $27,000—one against the seller, the second against the broker as an alleged surety or guarantor of the seller, and the third against the bankers.  Judgment secured against the seller in 1919 remains unsatisfied.  The suit against the broker resulted in a judgment for the defendant in November, 1922.  The suit against the bankers was discontinued in 1921 as useless after they had been adjudged bankrupt.  Respondent did not charge off the $27,000 on its books in 1918, but continued to carry it as an item in its " bills receivable " account.  It claimed no loss on account of the payment in its tax return for that year.  Upon the termination of the litigation in 1922 it filed an amended tax return for 1918, deducting the uncollected balance as a loss, and brought the present suit to recover the alleged overpayment of tax.

Section 234 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1078, provides that in arriving at taxable income there may be deducted:

"(4)   Losses sustained during the taxable year and not compensated for by insurance or otherwise;

"(5)   Debts ascertained to be worthless and charged off within the taxable year."

The district court held that the loss was upon a worth-less debt deductible under subdivision (5) and not deductible for 1918 because not charged off in that year.

The respondent contends and the court below held that the loss was not one upon a worthless debt, deductible under sub-section (5), but was deductible when " sustained " under sub-section (4), and concludes that the loss was rightly deducted as of 1918 since the loss was sustained when respondent paid out the money for which it received no return.

We assume without deciding, as was assumed by both courts below, that sub-section (4) and sub-section (5) are mutually exclusive so that a loss deductible under one may not be deducted under the other. We may assume also that upon the abandonment of the contract by the seller the buyer might have maintained an action to recover the balance of the money which he had paid. But so far as appears from the record there had been no abandonment by the seller in 1918. Throughout that period the buyer was calling for deliveries and some were made as late as in December. The buyer's rights were upon a contract for the delivery of merchandise and were not a " debt " in either a technical or a colloquial sense. We conclude that if respondent's contract rights became worthless in 1918 he was not required to deduct his loss as a worthless debt under sub-section (5), but was entitled to deduct it under sub-section (4) as a loss sustained in that year.

But we do not think that a loss resulting from a buyer's prepayment to a seller who proves to be irresponsible is necessarily sustained, in the statutory meaning, as soon as the money is paid. The statute was intended to apply not only to losses resulting from the physical destruction of articles of value but to those occurring in the operations of trade and business, where the business man has ven-

tured on a course of action in the reasonable expectation
that the promised conduct of another will come to pass.
Not only the future success of the business but its present
solvency depends on the probable accuracy of his proph-
ecy.   Only when events prove the prophecy to have
been false can it be said that he has suffered.   His case is
not like that of a man who fails to learn of the theft of
his bonds or the burning of his house until a year after
the occurrence; but rather resembles the position of a
merchant who buys in one year, for sale in the next, mer-
chandise which shifting fashion renders unsaleable in the
latter.   It may well be that he whose house has been
burned has sustained a loss whether he knows it or not
and may recover a tax paid in ignorance of that material
fact.   But we cannot say that the merchant whose action
has been based not merely on ignorance of a fact but on
faith in a prophecy—even though the prophecy is made
without full knowledge of the facts—can claim to have
sustained a loss before the future fails to justify his
hopes.

Here the only fact relied upon to show a loss is the out-
come of the litigations two years after respondent's pay-
ment to Jouravleff.   There is nothing in the findings from
which we could conclude that the respondent in 1918 had
ceased to regard his rights under the contract as having
value or that there was then reasonable ground to suppose
that efforts to enforce them would be fruitless.   On the
findings respondent is not entitled to recover.

At the trial respondent offered evidence that it had con-
ducted, in 1918, an investigation which tended to show
the irresponsibility of Jouravleff.   Inquiries, variously
phrased, to elicit this fact were excluded by the trial judge
both because they were irrelevant and because the evi-
dence offered was inadmissible as hearsay.   An examina-
tion of the bill of exceptions discloses that the proffered
testimony was rightly excluded on this latter ground.

Hence no error was committed by the trial court in its rulings. A trial by jury having been waived in writing, our review in this case is limited to the sufficiency of the facts specially found to support the judgment, and to the rulings excepted to and presented by the bill of exceptions, Rev. Stat. §§ 649, 700; *Fleischmann Co.* v. *United States,* 270 U. S. 349, and we are without power to grant a new trial except for error thus presented. *Mueller Grain Co.* v. *American State Bank, post,* p. 493, reversing 15 Fed. (2d) 899. The judgment of the district court was right, for reasons other than those assigned by it. It is affirmed and the judgment of the court of appeals is

*Reversed.*