*861 OPINION.
Littleton:
The record of this action shows that the petitioner during 1919 had a paid-in capital of $35,000, and during the years 1920 and 1921 of $50,000; that during all of these years it had a surplus or undivided profits accounts of from $3,000 to $8,000. During *862 all of these years it carried among its assets real estate, obligations of the United States, stocks and bonds of other corporations, from which it received income, and the annual balance sheets of the company appear to show that the paid-in capital and surplus was continually used in. the business of the company without any segregation as between the investment accounts and the insurance agency accounts. During the same time the company had 15 stockholders owning 192 out of 500 shares of stock who were not regularly and actively engaged in the business of the corporation. Under these circumstances, we are of the opinion that this petitioner falls so far outside of the limits of the statutory definition of a personal service classification that no further discussion of that question is needed here. Matteson Co. v. Willcuts, 12 Fed. (2d) 447.
This record also establishes the fact that during the year 1920 the petitioner corporation received through the agency* of its president one-half of the net gain produced by a real estate transaction in which the president of the petitioner corporation had appeared as one of the buyers and sellers and that in this transaction he had borrowed.both the corporation’s credit and its money. He testified that it was his intention when he went into this transaction to give the corporation the benefit of the profit, if one was realized, and having realized a profit from the sale of the property that profit was turned in to the corporation which retained it and treated it as a part of its sux-plus distributable to its stockholders as dividends. Under these circumstances, we are convinced that the corporation may not now properly claim that it did not receive income from such transaction and that such income was properly included in its gross income for the year 1920.
Respecting the losses claimed as a result of the company’s inability to collect the total amount of certain insurance premiums, the situation presented by the record is in brief, that during the late months of 1919 and the early months of 1920 the petitioner accepted from two general contractors applications for casualty and surety bonds, premiums upon which amounted to $17,031.94. The gross amount of these premiums was entered on the petitioner’s books in the ordinary course of business as accounts receivable. Such accounts receivable were due and payable in cash within 30 or 45 days, but were not so paid. The two contractors were unable to pay cash and petitioner accepted their notes in 1920 and substituted the notes receivable for the accounts receivable in petitioner’s books. Petitioner could not cancel the surety bonds and had to remit the premiums due the companies it represented. Due to the financial condition of the two contractors during 1920, petitioner had reason to doubt the collectibility of the notes in full, but hoped to collect when the contract work was completed and paid for. During the *863 years 1921 to 1923, inclusive, petitioner did receive various credits upon the various notes, either from the two contractors, their subcontractors or assignees. During the year 1920 petitioner still looked to its rights under the notes it held and the only facts relied upon in this proceeding to show a loss in 1920 is that during that year the two contractors were not in a sound financial condition and that since 1928 no collections have been made on the unpaid balances of the notes. The notes were not charged off in 1920, and petitioner may not take a deduction as a loss in 1920, on account of the said business transaction, under section 234 (a) (4) of the Revenue Act of 1918. Cf. Lewellyn v. Electric Reduction Co., 275 U. S. 243. Petitioner may not deduct in 1920 the amount of the notes nor the amount of the unpaid balances as a bad debt under section 234 (a) (5) of the Revenue Act of 1918 for not only were the notes not ascertained to be worthless during 1920, but they were not charged off during that year.

Judgment will be entered for the respondent.