## MARYLAND CASUALTY CO. v. JONES. *

Circuit Court of Appeals, Ninth Circuit.
July 2, 1928.

No. 5366.

**Appeal and error ☞268(2)—Appellate court cannot consider sufficiency of testimony to support special findings, in absence of exceptions thereto or request for other findings (28 USCA § 875).**

Under Rev. St. § 700 (28 USCA § 875), the Circuit Court of Appeals cannot consider the sufficiency of the testimony to support the special findings, but only the sufficiency of such findings to support the judgment, where they were not excepted to, and there was no request for other or different findings.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Action by Millie R. Jones against the Maryland Casualty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John Ralph Wilson and W. G. Bonta, both of San Francisco, Cal., for plaintiff in error.

Nat Schmulowitz and Ernest L. Brune, both of San Francisco, Cal., for defendant in error.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. This was an action at law on an indemnity bond. By written stipulation of the parties, the case was tried before the court below without the intervention of a jury. The court made

*Rehearing denied October 1, 1928.

elaborate special findings, and entered judgment thereon in favor of the plaintiff. That judgment is now here for review. All the assignments of error are based upon the insufficiency of the testimony to support the special findings; but the special findings, as made, were not excepted to, and there was no request for other or different findings.

Section 700 of the Revised Statutes (28 USCA § 875) provides that when an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or appeal; and when the finding is special the review may extend to a determination of the sufficiency of the facts found to support the judgment.

On such a record it is too well settled to admit of further controversy that this court cannot consider the sufficiency of the testimony to support the special findings, but only the sufficiency of the special findings to support the judgment. Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. ——. The plaintiff in error does not contend that the special findings are insufficient for that purpose, and the contrary is apparent from an inspection of the record. Having reached this conclusion, no useful purpose would be served by setting forth the voluminous findings, either in detail or in substance.

The judgment is affirmed.