THE PEOPLE OF THE STATE OF NEW YORK ex rel. CENTRAL
UNION TRUST COMPANY et al., as Executors of OSCAR
J. BRAND, Deceased, Appellants, *v.* M. FRANK LOUGH-
MAN et al., Constituting the State Tax Commission,
Respondents.

(Submitted November 19, 1928; decided November 27, 1928.)

410

*Henry S. Hooker* and *Raymond D. Thurber* for appellants. Waddell's obligation was a " debt " charged off as worthless in 1925; not a " loss " sustained in 1920. (*Henry* v. *Commissioner*, 8 B. T. A. 1089; *Stern* v. *Commissioner*, 5 B. T. A. 89; *Bentley* v. *Commissioner*, 5 B. T. A. 314; *National Sash & Door Co.* v. *Commissioner*, 5 B. T. A. 931; *Parker Wire Goods Co.* v. *Commissioner*, 8 B. T. A. 448; 1 Cumulative Bulletin, 125; 3 B. T. A. 156; 5 B. T. A. 139; *Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243; *Royal Packing Co.* v. *Commissioner*, 22 Fed. Rep. [2d] 536; *Porter* v. *United States*, 20 Fed. Rep. [2d] 935.) The Waddell debt was " ascertained to be worthless and charged off " in the year 1925. (*Appeal of Alemite Casting & Mfg. Co.*, 1 B. T. A. 548; *Appeal of Egan & Hausman Co., Inc.*, 1 B. T. A. 556; *Avery* v. *Commissioner*, 5 B. T. A. 872; *Houck Co., Inc.*, v. *Commissioner*, 7 B. T. A. 670.)

*Albert Ottinger*, Attorney-General (*Henry S. Manley* of counsel), for respondents. The record fails to prove appellants' claim that the Waddell irregularities resulted in a " debt " rather than a " loss " as those words are used in section 360 of the Tax Law. (*Lewellyn* v. *Elec. Reduction Co.*, 275 U. S. 243; *Porter* v. *United States*, 20 Fed. Rep. [2d] 935; *Parker Wire Goods Co.* v. *Commissioner*, 8 B. T. A. 448.)

CRANE, J. O. J. Brand & Company in 1920 was a stock brokerage firm doing business at 74 Broadway, New York city. The partners were Oscar J. Brand, Wallace M. Waddell and W. Richardson Thurston. In August of 1920, Brand, the Stock Exchange member, discovered that his two younger partners had overdrawn their accounts. The firm was dissolved, Brand taking

over all the assets and assuming all the liabilities. Henry F. Boissevain, the cashier of the firm, made a thorough examination of the books of the firm in order that a report might be made to the New York Stock Exchange authorities. Mr. Waddell had at this time an individual trading account with the firm under which he bought and sold securities in the same manner as any customer of the firm. This account was in the name of his wife but was in fact his individual account. On October 8, 1920, the loss in this account was $115,852.08. This sum represented the individual personal loss of Waddell in his trading account with the firm and does not include his share of the loss sustained by the firm under the partnership agreement. This indebtedness of Waddell passed from the firm to O. J. Brand upon and under the dissolution agreement. Waddell gave Brand his demand note and a confession of judgment on which judgment was entered in the Supreme Court of Kings county on November 16, 1920. Thereafter Brand made numerous efforts to collect this judgment, down to the time that execution was issued and returned unsatisfied in 1925. He was always hopeful that Waddell would pay at least some part of his indebtedness as he had a good position and would have been taken into another firm in 1925 if the governing board of the Stock Exchange had not refused its permission.

Discovering at last that the debt of Wallace M. Waddell was worthless Brand charged it off his books as a bad debt in the taxable year of 1925. Of the $115,852.08, the amount of the debt, $20,200 represented an actual embezzlement or theft of funds of O. J. Brand & Co., committed in 1919, and consequently deductible in that year as a loss as distinguished from a bad debt, under the provisions of the Tax Law (Cons. Laws, ch. 60). This was so treated by the Federal government which allowed this loss for the year 1919. Deducting this amount from the indebtedness leaves $95,652.08 which O. J. Brand claims as a deduction from his tax for the year 1925. He also

claimed interest on this amount but now concedes that this item is not allowable.

The statute (Tax Law, sec. 360, subds. 4, 5 and 6) permits deductions of "losses sustained during the taxable year," and also of "debts ascertained to be worthless and charged off within the taxable year" (subd. 7). The State Tax Commission determined that Waddell's overdrawn account was a loss in 1920 and not a debt ascertained to be worthless and charged off within the taxable year of 1925. The Appellate Division determined on the authority of *People ex rel. Kohlman & Co.* v. *Law* (239 N. Y. 346) that the relator had not presented the facts sufficiently to sustain his contention. As the testimony shows the facts as here recited this authority has no application. We are of the opinion that the Waddell indebtedness was not a loss but a bad debt within subdivision 7 of section 360. The authorities support this conclusion. (*Lewellyn* v. *Electric Reduction Company*, 275 U. S. 243; *Royal Packing Co.* v. *Commissioner*, 22 Fed. Rep. [2d] 536; *Porter* v. *United States*, 20 Fed. Rep. [2d] 935.)

Who is to determine what debts are worthless and who is to charge them off? Section 360 of the Tax Law says: "In computing net income there shall be allowed as deductions * * * debts ascertained to be worthless and charged off within the taxable year." (subd. 7.) The taxpayer or creditor is the one to determine the worth of the debt and to charge it off, if it be worthless, provided of course he acts in good faith. Waddell's debt to Brand was not worthless merely because he gave demand notes and confessed judgment. Brand so far as this record shows was in hopes of collecting it. The correspondence in the record shows that Brand was putting pressure upon Waddell even to the extent of threatening to garnishee his salary. It was not until 1925 when an execution was returned unsatisfied, the governing board of the Stock Exchange had refused permission to Waddell to enter a

stock brokerage firm and Brand was closing up his business affairs, that he charged this indebtedness off as worthless. As stated by the Tax Commission the facts are not disputed. Waddell's debt, therefore, charged off in the tax year of 1925, came within this subdivision 7 of section 360 and was a proper item of deduction.

The interest on this amount of $95,652.08 is eliminated.

The three other notes given on December 22, 1920, by Waddell, aggregating about $24,000, were not made part of the income tax return or any amended return, and cannot be considered here as a deduction. The tax is figured upon the returns.

With the deduction which we have here allowed the tax which would have been payable by Oscar J. Brand for the year 1925 would be reduced to $53.55. This is the amount conceded by both sides to be due if the premises are correct. We modify the orders below by reducing the tax to this amount.

Through this opinion we have spoken of Oscar J. Brand as though he were living. Since the commencement of this proceeding he has died and the Central Union Trust Company of New York and Henry S. Hooker have been substituted as executors of his last will.

The order of the Appellate Division and the determination of the State Tax Commissioners should be modified by reducing the tax to the sum of $53.55, and as modified affirmed, with costs to the appellants.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.