**AMERICAN CODE CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.** [1]

Circuit Court of Appeals, Second Circuit.
January 14, 1929.

No. 109.

Gen. (Sewall Key and John Vaughan Groner, Sp. Asst. Attys. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1, 2] The correctness of the action of the Commissioner depends upon the construction of the Revenue Act of 1918. Section 234 (a) of that act (40 Stat. 1077) permits a corporation to deduct from its gross income:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *"

The act also permits taxpayers to file returns on the accrual basis if their books are so kept. Section 232 (40 Stat. 1077) directs that the net income of corporations shall be computed on the same basis as is provided in subdivision (b) of section 212. That subdivision (40 Stat. 1064) provides:

"(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. * * *"

Under the authority of section 1309 (40 Stat. 1143), the Commissioner, with the approval of the Secretary of the Treasury, promulgated regulations for the enforcement of the provisions of the act. Article 111 of Regulations (1920 Ed.) reads in part as follows:

"Art. 111. *When Charges Deductible.* * * * The expenses, liabilities or deficit of one year can not be used to reduce the income of a subsequent year. A person making returns on an accrual basis has the right to deduct all authorized allowances, whether paid in cash or set up as a liability, and it follows that if he does not within any year pay or accrue certain of his expenses, interest, taxes or other charges, and makes no deduction therefor, he can not deduct

Clark H. Hebner, of New York City, for appellant.

Mabel Walker Willebrandt, Asst. Atty.

from the income of the next or any subsequent year any amounts then paid in liquidation of the previous year's liabilities. A loss from theft or embezzlement occurring in one year and discovered in another is deductible only for the year of its occurrence. Any amount paid pursuant to a judgment or otherwise on account of damages for personal injuries, patent infringement or otherwise, is deductible from gross income when the claim is put in judgment or paid, less any amount of such damages as may have been compensated for by insurance or otherwise. If subsequently to its occurrence, however, a taxpayer first ascertains the amount of a loss sustained during a prior taxable year which has not been deducted from gross income, he may render an amended return for such preceding taxable year, including such amount of loss in the deductions from gross income, and may file a claim for refund of the excess tax paid by reason of the failure to deduct such loss in the original return. See section 252 of the statute and articles 1031–1038."

The problem presented is whether the foregoing provisions of the statute and the regulations permit a taxpayer, who has committed a breach of contract in 1919, and sets up on its books a reserve for such liability, and files a return on the accrual basis, to deduct from its gross income for such year the amount of its liability as established by judgment rendered in a subsequent year.

If the judgment had been rendered early in 1920 and prior to the time when the taxpayer was required to file its 1919 return, it would seem clear that the liability should be considered as a business expense incurred, or a loss sustained, during the year when the contract was broken. Although the amount of the damages was determined later, all the facts which gave rise to the liability occurred in 1919. It is settled contract law that damages are suffered when the contract is broken, and are assessed as of that time; their amount being the value of the contract to the plaintiff at the time of the breach. Parker v. Russell, 133 Mass. 74, 75; Pierce v. Tenn. Coal Co., 173 U. S. 1, 16, 19 S. Ct. 335, 43 L. Ed. 591. Under the regulation above quoted, a taxpayer making returns on the accrual basis is required to deduct all authorized allowances "whether paid in cash or set up as a liability," and provision is made in the final sentence of article 111 for corrections by amended returns when the amount of the loss is ascertained subsequent to the year of its occurrence.

In Appeal of Producers' Fuel Co., 1 B.

T. A. 202, it was held that a taxpayer's liability for damages on account of a breach of contract in 1920 was a loss sustained and deductible in that year, although the amount of the damages, determined by negotiation, was agreed upon and paid during the following year. The reserves which the taxpayer had set up on its books and deducted in its return for 1920 were slightly too large, and the board substituted for the original estimates the amount of loss as ultimately determined by payment. Subsequently, however, the Board of Tax Appeals limited the foregoing decision to cases in which the taxpayer admits its liability, as by offer of settlement, immediately after the breach of contract. Hidalgo Steel Co. v. Commissioner, 8 B. T. A. 76.

This ruling was followed in the case at bar. The basis for the distinction is not apparent to us. The legal liability is the same, whether the suit is defended or not. It is not the admission, but the breach of contract, which creates the liability. The admission of liability by offering a settlement which merely becomes the basis of negotiation between the parties concededly does not determine the amount of the deduction. This was held in Appeal of Producers' Fuel Co., supra. The taxpayer must, it is true, admit to itself the probability of liability by setting up a reserve upon its books to provide for it, but we find nothing in the Revenue Act of 1918 which makes an admission to the creditor a material fact in determining whether the reserve is an authorized deduction.

While the amount of the appellant's liability was not ascertained until a future year, we think that the loss was sustained when the contract was broken, and must be considered before the income of that year can be determined. When books are kept on an accrual basis, estimated reserves for unliquidated liabilities must necessarily be used. This was recognized in United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. There it was held that a taxpayer, who filed on an accrual basis, must deduct from 1916 gross income the tax imposed on munition manufacturers for that year, although the tax was not assessed and paid until 1917. In referring to Treasury Decision 2433, which is analogous to article 111 of Regulations 45, Mr. Justice Stone, at page 438 of 269 U. S. (46 S. Ct. 133) says:

"It also provided in substance that when the taxpayer, following a consistent accounting practice, sets up reserves to meet liabilities, the 'amount of which or date of maturi-

ty' is not definitely determinable, such reserve may be deducted from gross income. The decision also laid down a procedure for readjusting such reserves when the amount actually required for that purpose was definitely ascertained, and provided that if returns upon this basis of 'accrual or reserves' did not reflect true net income, the taxpayer would not be permitted to make its return on any other basis than that of 'actual receipts and disbursements.' "

We think the principle of the Anderson decision covers liability for breach of contract no less than liability for unassessed taxes. In either case all the facts which create the liability have occurred before the end of the year; in the one, the liability is to be liquidated by a jury; in the other, by the Commissioner of Internal Revenue. In the case of taxes the possibility of setting up a reserve accurately measuring the liability may be greater than in the case of breach of contract. But the difficulty of forecasting the damages which the jury may award is not present in the instant case, for judgment had already been rendered when the Commissioner was asked to allow the deduction.

We find nothing in Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262, which is inconsistent with considering appellant's contract liability as a loss sustained in 1919. The question there was whether an asset (a contract right to receive goods paid for in advance), which was believed to be good and was carried on the books as a receivable, should be treated as a loss in the year when the asset was ascertained to be worthless, or in the year when it was created by prepayment for the goods. Whether the taxpayer kept his books on a cash or an accrual basis does not appear, but he did not charge off the asset in the year in question. In the instant case we are not dealing with an asset believed to be good, but subsequently found worthless, but with a liability for which a reserve was set up on the books in the year when the contract was broken.

For the reasons given, we hold that the loss was sustained during the year 1919, and should be allowed as a deduction from gross income for that year. It does not appear to be disputed that, if the deduction is made, the taxpayer will be entitled to a refund in the sum of $9,364.85. The order of redetermination of deficiency is reversed, and the cause remanded to the Board of Tax Appeals for entry of an order in conformity with this opinion.