## HIGHLAND MILK CONDENSING CO. v. PHILLIPS, Collector, etc.

Circuit Court of Appeals, Third Circuit.
Sept. 10, 1929.

No. 3989.

G. Mason Owlett, of Wellsboro, Pa., and Hugh Satterlee, of New York City, for appellant.

John T. Olmsted, of Harrisburg, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and FAKE, District Judge.

BUFFINGTON, Circuit Judge. In the court below the Highland Milk Condensing Company brought suit against the collector to recover income tax alleged to have been wrongfully assessed and collected under protest. By stipulation, jury trial was waived,

and the case tried by a judge. In his finding of facts and opinion the whole matter is stated in detail, and need not be here related, as the question involved narrows itself to this: Where a manufacturer sells and delivers goods, and receives the invoiced prices therefor, with the understanding that the purchasers will be insured against loss from declines in market price, and in a subsequent year the manufacturer is required to make payments to purchasers on account of such declines, do such payments represent deductible losses for the year in which they are made? On this question the conclusion of the court was:

"First. The sum of $43,422.20, credited and refunded by plaintiff to jobbers on account of declines in the price of evaporated milk in the year 1918, did not accrue as a liability until 1918, and therefore is not deductible from plaintiff's gross income for the year 1917.

"Second. The federal income and profits tax, assessed against and paid by the plaintiff for the year 1917, was properly and legally assessed and paid.

"Third. Judgment must therefore be entered in favor of the defendant."

And in addition:

"It is clear that the sum of $43,402.20, refunded by the plaintiff to jobbers on account of declines in the price of evaporated milk in the year 1918, did not accrue as a liability in the year 1917, but in the year 1918, and therefore is not deductible from plaintiff's gross income for the year 1917.

"The court's opinion and the conclusions of law herein are clearly supported by the following authorities: Appeal of Helvetia Milk Condensing Co., United States Board of Tax Appeals, Vol. 5, November 5, 1926, No. 4, pg. 271; Ed. Schuster & Co., Inc., v. Williams, Internal Tax Collector (C. C. A.) 283 F. 115."

We find no error in the court's so holding. The crucial questions were: What was the income the taxpayer received during the year 1917? Was there anything during that year which lessened such 1917 income? To these questions there could be no other answers than those embodied in the court's judgment. What happened in the following year could not affect the status of the tax year 1917. We think this conclusion is in line with the taxing principles enforced in Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262, and afterwards followed in Ithaca Trust Co. v. United States, 279 U. S. 151, 49 S. Ct. 291, 73 L. Ed. ——.