HELEN A. P. MERRIMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40300. Promulgated October 16, 1930.

*James F. Armstrong, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: Deductions from gross income exist only by reason of the revenue acts and to obtain a deduction the taxpayer must bring the claimed item within some statutory provision. Petitioner claims the deduction here in issue either (1) as of an ordinary and necessary expense of carrying on a trade or business, or (2) as a loss incurred in a transaction entered into for profit.

That the lawyers' fees incurred in the futile attempt to break a will were not ordinary and necessary expenses incurred in carrying on a trade or business seems so clear as to require no demonstration. It does not appear that petitioner was engaged in any trade or business, and surely not the business of breaking wills. See *George P. Douglas et al.*, 1 B. T. A. 372; *Marion Stone Burt Lansill*, 17 B. T. A. 413.

Petitioner makes the alternative suggestion that the legal fees constituted a loss in a transaction entered into for profit. In *Kornhauser v. United States*, 276 U. S. 145, the Supreme Court had before it a situation in which it was contended that legal fees paid in connection with the defense of a suit for accounting were either a business expense or a loss under section 214 (4) of the Revenue Act of 1918. Directing itself to the latter, the court remarked: "We think it is obvious that the expenditure is not a loss." This

observation is directly pertinent in the instant case. The word "loss" as used in section 214 (a)(5) must be considered in connection with its correlative, "profit." The word "profit" here connotes, as elsewhere in the Act, the increment that accrues from the employment of capital or labor, or both combined. The word is substantially synonymous with "income." Had petitioner succeeded in breaking the will she would have received a certain amount of property by the operation of the law of descent, but such property would not have constituted profit or income. Not every endeavor in which one seeks to gain a material advantage is a transaction entered into for profit under the revenue acts. In our opinion, petitioner's attempt to break her aunt's will was not a "transaction entered into for profit" which might form the basis for a deductible loss.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

TRAMMELL, dissenting: It is perfectly clear that the expenditure in this case was not an ordinary and necessary expense of carrying on a trade or business, but on the question as to whether the petitioner sustained a loss on a transaction entered into for profit although not connected with a trade or business, a more difficult problem is presented.

On the reasoning of the prevailing opinion a taxpayer must enter into a transaction for the purpose or expectation of making a profit out of acquiring property in order that any loss connected therewith may be deductible. This would deprive a taxpayer of a loss where the purchase price of property had been paid and lost and the assets not acquired. Such a situation was presented in the case of *Lewellyn* v. *Electric Reduction Co.*, decided by the Supreme Court, 275 U. S. 243. The statute does not provide that a profit must be expected from the initiation of the transaction or the acquisition of property, but only that the transaction must have been entered into for the purpose of making a profit, and I think that such profit may just as reasonably be expected as a result of the sale of the assets acquired or from rentals, royalties or interest. The acquisition of property by purchase does not give rise to a taxable gain or profit, but if a person purchases property for the purpose of renting it or making a profit on the sale thereof, I think it is a transaction entered into for profit and that a deductible loss might result therefrom.

In this case the petitioner paid out her money for the purpose of acquiring an estate which would enrich her in a monetary way. The stipulation does not provide just how she expected to benefit in a

monetary way, but having paid out her money for this purpose, it seems to me that she has sustained a deductible loss in a transaction entered into for profit. "Entered into" may be synonymous with "initiated." It is not necessary that a profit be expected in the initiation of the transaction or expected from such initiation if the purpose in entering into the transaction was to receive a profit from it, and this may well be expected to be realized out of the sale of the property, or from interest, rentals or otherwise.

The nature of the property involved in this case is not set out. The stipulation provides that the petitioner brought the suit with the hope that she would get something out of it in a monetary way if she were successful. It may well be that she hoped to sell the property at some price in excess of what it cost her, that is, the attorneys' fees and expenses involved in litigation, or that she expected to receive gains and profits in other ways. It may well be that the estate consisted of money on deposit. If so, the payment of a sum of money with the expectation of receiving a larger sum as a result of such payment may well be held to be a transaction entered into for profit.

I do not think that the *Kornhauser* case, relied on in the prevailing opinion, is any authority to the contrary. While the court said it was obvious that the taxpayer in that case had not sustained a loss, the court was equally as certain in the case of *Lewellyn* v. *Electric Reduction Co.* that a loss had been sustained, although not in the taxable year before the court, in a transaction where the taxpayer paid out money for goods to an irresponsible seller and was unable to recover either the goods or the purchase price. The latter case is more similar to the case before us. In this case it may well be said that the taxpayer paid out her money with the expectation of receiving the estate and was unable to recover anything as a result of the payment. Nor, in my opinion, is the case of *Commissioner* v. *Marshall Field*, 42 Fed. (2d) 820, any authority to support the position of the prevailing opinion in this case. The court said in that case: "All that happened was that Field and the trustees got into a dispute about the meaning of the will and Field succeeded in getting the court to take his view. We can not for that reason say that the court's action changed what had all along been his rights. It did not create them, he had them already." In the second place, Field was successful in his litigation and secured all he expected to secure as a result thereof. Clearly such a state of facts would not bring the case within the loss provisions. In this case, if the petitioner had been successful she would have obtained something that had not previously been her rights and she would have obtained property

otherwise unobtainable. She sought nothing under the will but undertook to set the will aside. The will, in any event, would have been effective unless attacked and set aside by the court.

The Commissioner denied the loss in this case on the ground that the expenditure was a personal expense. I see no element of personal expense in this transaction. It does not appear to be connected in any way with living or personal expenses or for pleasure or personal enjoyment for use. It was simply, in my opinion, an unsuccessful undertaking out of which the taxpayer expected to obtain a profit. I do not agree that it was necessary that the petitioner expected to make a taxable profit, especially out of the acquisition of the estate itself. Many transactions resulting in profit are not taxable. In any event, the acquisition of property in and of itself is not a taxable transaction.

I think, therefore, that the prevailing opinion is based upon error.