## SACKS v. BURNET, Commissioner of Internal Revenue.

### No. 5652.

Court of Appeals of the District of Columbia.

Decided June 26, 1933.

J. B. Grice, of Washington, D. C., for appellant.

G. A. Youngquist, Sewall Key, F. Edward Mitchell, C. M. Charest, and C. H. Curl, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is a petition to review a decision of the Board of Tax Appeals.

The decision of the Board sustained the Commissioner. The stipulated facts are as follows:

In 1923 petitioner's wife sold certain shares of stock which had been given her by petitioner after March 1, 1913, and prior to December 31, 1920. The value of the shares at the date of the gift was $157,466.67. The selling price was $126,604.23. The payments were $51,604.23 in 1924 and $25,000 in each of the years 1925, 1926, and 1927. Husband and wife filed a joint return in 1927 and deducted $6,094.27 as the proportion of loss which the amount received in that year bore to the total sale price. The Commissioner decided that the sale was a closed transaction in 1923 and that there was no provision in the statute for spreading a loss on the sale of property over the period covered by the payments. Petitioner contends otherwise, and insists that under section 212 (d) of the Revenue Act of 1926 (26 USCA § 953 (d)—made applicable to prior years by section 1208 of that act (26 USCA § 953a)—he is entitled to spread the loss over the period covered by the installment payments.

The precise point—attempted to be sustained by the same arguments submitted to us —was considered and decided by the Circuit Court of Appeals in the Second Circuit in December, 1932, in the case of Martin v. Commissioner, 61 F.(2d) 942, 944. In that case Judge Manton, referring to section 212 (d), says that section grants authority for reporting only income on the installment basis—that it specifically provided by act of Congress a privilege which prior thereto was dependent on regulations promulgated by the Commissioner, but that it makes no reference to losses, and as to this omission and its effect in circumstances like those we are considering he says:

"The statute limiting the thing to be done in a particular mode includes the negative of any other mode. Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129,

73 L. Ed. 379: Ordinary losses are deductible only in the year in which they are sustained. Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538. The general principle underlying income tax statutes since the Sixteenth Amendment was adopted has been a computation of gains and losses on the basis of annual accounting for the transactions of the year. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383. In order to support a right to deduct over a period of years a loss sustained in a particular year, there must be some authority therefor in the statute permitting the deduction, or otherwise the general principle of an annual accounting for tax purposes must be applied. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128. The income tax law is concerned only with realized losses as well as realized gains. Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720. The transaction here was completed and the loss definitely fixed in 1925. Lewellyn v. Elec. Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262; Dresser v. United States (Ct. Cl.) 55 F. (2d) 499, 512."

But petitioner urges that "income" is a flexible term, and as used in section 212 (d) includes equally results from a transaction whether gain or loss follow, but this contention is not supported by either reason or authority. In the Martin Case, supra, it was rejected, and in Woolford R. Co. v. Rose, 286 U. S. 319–327, 52 S. Ct. 568, 76 L. Ed. 1128, the Supreme Court said, referring to a nearly similar contention, that to interpret the words "net income" as used in the taxing statute to include also "net loss" would be a metamorphosis too great to be viewed without a shock.

In the view we take of the applicable statutes, the Commissioner was clearly right, and we consequently affirm the decision of the Board.

Affirmed.