**52**

**William A. DeLORENZO and Hazel M. DeLorenzo, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 69–206.**

United States District Court
D. Oregon.

Oct. 9, 1969.

William A. DeLorenzo, Hazel M. DeLorenzo, in pro. per.

Sidney I. Lezak, U. S. Atty., Jack C. Wong, Asst. U. S. Atty., Portland, Or., John DeBruyn, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## OPINION

SOLOMON, Chief Judge:

This action was prosecuted by the plaintiffs without the assistance of counsel to recover income taxes. It was submitted on the pretrial order, exhibits, and oral stipulations in court.

In 1964, plaintiffs purchased for approximately $600 a membership in the Town & Country Athletic Club (Club). The membership agreement provided that if the Club failed to construct the facilities it would refund plaintiffs' money, "less sales and administrative costs." Before completing the facilities, the Club became bankrupt. In 1965, the Referee found that the Club had no assets to pay claims arising from membership agreements.

Plaintiffs, in computing their taxable income for 1965, deducted part of the membership fee as a bad debt. The District Director of Internal Revenue disallowed the deduction. Plaintiffs then paid the additional $138.60 tax and brought this action.

The issue before the Court is whether Section 166 of the Internal Revenue Code authorizes plaintiffs to deduct their loss as a bad debt.

Plaintiffs contend that the Club became indebted to them for $600 when it failed to build the promised facilities. The membership agreement provides that in case of default the Club will refund the amount paid, less administrative expenses. Nevertheless, plaintiffs assert that when they signed the agreement, one of the Club's agents promised them that the Club would not use membership fees to pay administrative expenses. Plaintiffs assert that the agent's statements are admissible as parol evidence to show that the Club agreed to refund plaintiff's entire $600.

The government asserts that plaintiffs' rights against the Club arose out of the contract and not out of a debt within the meaning of Section 166. It also contends that even if plaintiffs' loss is a debt, it is not deductible under Section 166 because plaintiffs have not shown that the obligation once had a definite value.

As a general rule, a debt arising out of a contract is not deductible under Section 166, because the injured party has only an unliquidated claim for breach of contract. Lewellyn v. Electric Reduction Co., 275 U.S. 243, 246 (1927), 48 S.Ct. 63, 72 L.Ed. 262. Here, however, the Club agreed not only to perform certain acts, but to pay plaintiffs a sum of money if it did not perform. When the Club failed to perform, it immediately became indebted to plaintiffs for the full amount without deduction for "sales and administrative costs." I find that the Club agent made material misrepresentations, upon which plaintiffs relied, on the manner in which the money would be held and the purposes for which it could be withdrawn. Because of this fraud, the parol evidence rule is not applicable and does not prevent the plaintiffs from showing the full agreement. Globe Steel Abrasive Co. v. National Metal Abrasive Co., 101 F.2d 489 (6th Cir.1939).

Since plaintiffs have shown that their loss is deductible under Section 166, they may recover.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.