I conclude, therefore, that throughout the year 1952 each of the parties to the contract held out to the other the expectation and intention that the contract would be performed by the seller, and there is no evidence in the stipulation presented that in actuality the purchaser sustained any loss during that year. Because, therefore, the plaintiffs have failed to sustain the burden of proving their right to the deduction claimed for the tax year 1952, the deduction was properly disallowed and the right to refund must be denied. Defendant is therefore entitled to judgment against the plaintiffs for its costs. This opinion shall serve in lieu of the findings of fact and conclusions of law required by Rule 52(a), 28 U.S.C.A. An order may be presented in accordance with the views hereinabove expressed.

duction from gross income for the taxable year 1952 one-half of the $5,000. paid by that firm to Franz Mueller und Sohn (Mueller), of Bielefeld, Germany. The facts in this case, therefore, are in all respects similar with those in Goetz v. United States, D.C., 162 F.Supp. 657, except for the offset claimed by the Government against Ruschmann, in the amount of $1,350.

For the reasons stated, therefore, in my opinion in Goetz v. United States, supra, filed May 29, 1958, defendant is entitled to judgment in this case for its costs. The opinion in Goetz aforesaid shall also be in lieu of the required findings of fact and conclusions of law in this case. An order may be presented in accordance with this determination.

---

**Henry RUSCHMANN and Bertha Ruschmann, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. 1010–56.**

United States District Court
D. New Jersey.
May 29, 1958.

Harold Druse, Plainfield, N. J., for plaintiffs.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., and Charles K. Rice, Asst. Atty. Gen., by James P. Garland, and Jerome S. Hertz, Washington, D. C., for the government.

WORTENDYKE, District Judge.

In this case plaintiff Henry Ruschmann was an equal partner with Henry Goetz in the firm of Goetz and Ruschmann (G & R) and claimed as a de-

**Maurice STAHL, Plaintiff,**

v.

**TOWNSHIP OF TEANECK and Joseph E. McLean, Administrator of the Public Housing and Development Authority of the State of New Jersey, in the Department of Conservation and Economic Development of the State of New Jersey, Defendants.**

**No. C 821–56.**

United States District Court
D. New Jersey.
May 28, 1958.

