Henry F. Ruschmann and Bertha E. Ruschmann v. Commissioner. Henry G. Goetz and Mathilde Goetz v. Commissioner.
Ruschmann v. Commissioner
Docket Nos. 66389, 66390.
United States Tax Court
T.C. Memo 1959-197; 1959 Tax Ct. Memo LEXIS 50; 18 T.C.M. (CCH) 886; T.C.M. (RIA) 59197; October 22, 1959
Harold Druse, Esq., 7-9 Watchung Ave., Plainfield, N.J., for the petitioners. Henry L. Glenn, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Respondent determined a deficiency in the income tax of petitioners Henry F. and Bertha E. Ruschmann in the amount of $2,303.96 for 1953, and of petitioners Henry G. Goetz and Mathilde Goetz in the amount of $1,920.46 for the same year. The sole issue is whether Goetz & Ruschmann, a partnership, is entitled, in computing the distributive shares of its net income for the year 1953, to a deduction of $5,000 as a worthless debt or as a business loss. Other issues have been either waived or settled by agreement of the parties. All of the facts have been stipulated, and the stipulation, including 18 exhibits *51 attached thereto and incorporated therein, is adopted as our findings of fact. Henry F. Ruschmann and Henry G. Goetz will hereinafter be referred to as the petitioners. They filed their income tax returns for the year 1953 with the director of internal revenue for the fifth district of New Jersey. On May 19, 1950, a partnership, composed of the petitioners and doing business under the name of Goetz & Ruschmann (hereinafter referred to as G & R), entered into an agreement with the firm of Franz Mueller & Son, Bielefeld, Germany (hereinafter referred to as Mueller), to purchase from that firm a special type machine. The agreement provided that the machine was to be delivered by Mueller "within three to four months". In compliance with the terms of the agreement the partnership paid $5,000 to Mueller. Mueller has never delivered the machine and has never returned the $5,000 to the partnership. In its partnership return for the year 1953 G & R took a bad debt deduction in the amount of $5,000, which was disallowed by the respondent. Petitioners now claim that this amount was a proper deduction from the income of G & R for 1953 because it represented either a worthless debt or a business *52 loss. No basis has been shown for the deduction of a worthless debt. No debtor-creditor relationship was created by the payment by G & R to Mueller of the amount of $5,000. That amount represented prepayment of the purchase price of the machine Mueller agreed to deliver to G & R under the contract of May 10, 1950. The loss claimed is based upon the failure of G & R to receive from Mueller either the machine or the return of the $5,000. Such a loss, if sustained in 1953, is deductible under Section 23(e), Internal Revenue Code of 1939, which provides for the deduction of losses sustained during the taxable year and not compensated by insurance or otherwise, if incurred in trade or business. Lewellyn v. Electric Reduction Co., 275 U.S. 243, 246. Petitioners had the burden of proving that G & R sustained a loss of $5,000 in 1953. The contract of May 10, 1950, provided for delivery of the machine within three to four months. At the end of this period the machine had not been delivered by Mueller. G & R then had the right to institute action against Mueller for the recovery of the $5,000 prepayment, but it did not do so in 1950 and had not done so as late as October 1956. *53 During 1953 G & R and Mueller engaged in correspondence looking towards the consummation of the contract and the ultimate delivery of the machine to G & R. There is nothing therein indicating that Mueller ever informed G & R that the machine would not be ultimately completed and delivered or that G & R ever notified Mueller that it was rescinding the contract because of Mueller's failure to deliver the machine within the time provided in the contract. In 1954, the American Cinefoto Corporation, acting on behalf of G & R, attempted to get Mueller to expedite delivery of the machine, and was asked by G & R to send Mueller the correct dimensions and necessary paper to test the machine, and to suggest a deadline for its shipment. On October 4, 1956, American Cinefoto Corporation wrote Mueller that G & R requested either delivery or the full refund of the money paid, including six per cent interest, otherwise "we will have to sue you and your company". This was the first demand by G & R on Mueller for the return of the $5,000. Petitioners have not proved that G & R sustained a loss of $5,000 in 1953. During that year its efforts were directed to securing the delivery of the machine from *54 Mueller and there is no evidence indicating that it took any action to recover the $5,000 or that it had reasonable grounds for believing that such action would be fruitless. [1] In the circumstances our conclusion as to 1953 must be the same as that reached by the United States District Court for the District of New Jersey in refund suits brought by both petitioners in which they claimed that there was a deductible loss in the year 1952. Goetz v. United States, 162 F. Supp. 657; Ruschmann v. United States, 162 F. Supp. 661. In those cases the District Court denied the deduction of the loss claimed for 1952, and in doing so it pointed out (Goetz v. United States, at p. 660) that G & R "as late as October in the year 1956 still viewed the matter as open to realization of the consummation of the transaction by the completion and shipment of the merchandise purchased". We hold that the transaction between G & R and Mueller was not closed in 1953; that no identifiable event occurred in that year which was sufficient to establish that G & R actually sustained a loss of $5,000 during that year; and that the respondent did not err in disallowing the deduction of *55 that amount claimed by G & R in computing the distributive shares of its net income for 1953. Decisions will be entered under Rule 50. Footnotes
1. There is no evidence showing that the statute of limitations on suit had run.↩